IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Steven C. Wilson, ) | |
| ) | Case No. 0:24-cv-07168-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Jodi D. Gallman, *Acting Director*, and ) | |
| Virginia Newton, *Head Parole Agent*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 12.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff's pro se Complaint was entered on the docket on December 10, 2024. [Doc. 1.] Plaintiff alleges parole officers Jodi D. Gallman and Virginia Newton ("Defendants") violated his Fourteenth Amendment due process rights by denying him counsel at an April 21, 2021, parole revocation hearing. [*Id*. at 4.] Plaintiff seeks an order immediately releasing him or placing him back on parole, as well as monetary damages. [*Id*. at 6.]

On January 15, 2025, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance and service of process. [Doc. 12.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed

to do so. [*Id.* at 6.] Plaintiff filed objections to the Report on January 31, 2025. [Doc. 14.] This matter is now ripe for consideration.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

**Plaintiff's Lawsuit**

Plaintiff, a convicted state inmate, brings this action against Defendants in their official capacities. [Doc. 1 at 1–2; Doc. 1-1.] Plaintiff contends Defendants violated his Fourteenth Amendment due process rights by denying his request for counsel to represent him at a parole revocation hearing on April 21, 2021. [Doc. 1 at 4; Doc. 1–1.] Plaintiff alleges his parole was revoked because he had no meaningful way to defend himself. [Doc. 1 at 5.] He asks this Court to order his release with time served or place him back on parole. [*Id.* at 6.] In addition, he seeks monetary damages. [*Id.*]

2

**The Report**

The Magistrate Judge recommended the Court summarily dismiss Plaintiff's Complaint. [Doc. 12.] As an initial matter, the Report found that Plaintiff cannot sue Defendants, both officials of state and county parole agencies, in their official or individual capacities. [*Id*. at 3.] Regarding official immunity, the Report found that Defendants are immune from suit under the Eleventh Amendment as neither a State nor its officials acting in their official capacities are "persons" under § 1983. [*Id*.] Regarding individual immunity, the Report noted that parole board members perform quasi-judicial functions in considering applications for parole and are thus immune from damages in § 1983 suits. [*Id*.]

Additionally, the Report found that Plaintiff failed to allege he suffered a constitutional violation as there is no broad constitutional right to counsel at a parole hearing. [*Id*. at 4.]

Finally, the Report concluded that, to the extent Plaintiff asks the Court to issue injunctive relief in his criminal case, such relief would require the Court to vacate Plaintiff's state conviction, and such relief is not available in an action filed under § 1983. [*Id*.]

**The Objections**

In his objections to the Report, Plaintiff reiterates that he "was put in jeopardy of life in prison" and was unable to understand the process without counsel. [Doc. 14 at 1.] He raises allegations concerning his inability to contact witnesses, gather evidence, or access a law library. [*Id*.] Plaintiff suggests he was misled as to the parole board process by Defendant Newton, who he thought was "[supposed] to be on his side or at least impartial." [*Id*. at 2.] Plaintiff claims that he has met the prongs required to bring an

3

action under § 1983 and that the Magistrate Judge failed to liberally construe his Complaint. [*Id*. at 5.]

## DISCUSSION

Title 28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a complaint states a claim upon which relief may be granted, a court must accept the material facts alleged in the complaint as true. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). However, statements of bare legal conclusions are not entitled to the assumption of truth and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The Court affirms the recommendation of the Magistrate Judge and overrules Plaintiff's objections. Principally, Plaintiff's objections do not address the well-established rule that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted). This rule applies in equal measure to parole revocation proceedings. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck*

to parole revocation decisions); *Harris v. Miller*, No. 94–7067, 1994 WL 704891, at *1 (4th Cir. Dec. 19, 1994) ("To the extent [a]ppellant is challenging his parole revocation, or the procedures used to revoke his parole, such a claim is not cognizable because his parole revocation has not been invalidated."); *Poindexter v. W. Virginia Reg'l Jail Auth./DOC*, No. 3:18-cv-1511, 2019 WL 6590062, at *4 (S.D.W. Va. Nov. 14, 2019) (explaining that a plaintiff's request for earlier release on parole is actionable through a writ of habeas corpus only), *adopted*, 2019 WL 6598351 (S.D.W. Va. Dec. 4, 2019).  Therefore, Plaintiff's claims for immediate release, reinstitution of parole, and monetary damages are subject to summary dismissal.  See *Heck*, 512 U.S. at 481–82; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.").[1]

With respect to his claim that he was entitled to counsel during his parole hearing, the Court notes that the proper challenge is through filing a petition for state postconviction relief.  See *Justice v. State*, 2022 WL 1415706, *2 (S.C. Ct. App. 2022) ("If in the future another inmate, who is still incarcerated, believes his parole has been unlawfully revoked and the parole board has denied him similar due process rights, that inmate may file a PCR petition. . . ."); *see also Duckson v. State*, 586 S.E.2d 576, 578 (S.C. 2003) (noting that because parole revocation is an administrative proceeding, there

---

[1] Because the Court accepts the Magistrate Judge's recommendation on these grounds, it need not address the Report's findings as to official immunity, individual immunity, or the sufficiency of Plaintiff's allegations regarding Fourteenth Amendment due process.

5

is no Sixth Amendment right to counsel but § 24–21–50 permits representation by counsel, and due process may afford such a right in some cases (*citing Gagnon v. Scarpelli*, 411 U.S. 778 (1973)).

## **CONCLUSION**

Out of an abundance of caution for a pro se party, the Court has reviewed de novo the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates its conclusion that a properly filed habeas corpus action is Plaintiff's sole remedy. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

October 17, 2025
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.